Electronically Filed
12/27/2021 11:20 AM
Steven D. Grierson
CLERK OF THE COURT

COGBURN LAW
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
jsc@cogburncares.com
Hunter S. Davidson, Esq.
Nevada Bar No. 14860
hsd@cogburncares.com
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
Telephone: (702) 748-7777
Facsimile: (702) 966-3880
*Attorneys for Plaintiff*

CASE NO: A-21-845905-C
Department 3

### DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| DEIRDRE BUCKHALTER-BARR, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>THE TJX COMPANIES, INC., a foreign corporation; DOE Individuals 1–10; DOE Employees 11–20; and ROE Corporations 21–30,<br><br>Defendants. | Case No.:<br>Dept. No.: |

### COMPLAINT

Plaintiff, Deirdre Buckhalter-Barr, by and through counsel, Cogburn Law, alleges as follows:

### PARTIES, JURISDICTION, VENUE

1. At all times relevant hereto, Plaintiff, Deirdre Buckhalter-Barr ("Plaintiff"), was, and continues to be, an individual residing in Clark County, Nevada.

2. Upon information and belief, at all times relevant hereto, Defendant, The TJX Companies, Inc. ("Defendant Entity"), was, and continues to be, a foreign corporation authorized to do business in Clark County, Nevada.

3. Defendants named, referenced or designated herein as Doe Individuals 1–10; Doe Employees 11–20; and Roe Corporations 21–30 (collectively, "Doe and Roe Defendants" and, together with "Defendant Entity", the "Defendants") are individuals, employees, or other business entities of any form whose true names and capacities are unknown to the Plaintiff, and are therefore sued by their fictitious names. Upon information and belief, each of these Doe and Roe Defendants are responsible in some manner for the events and happenings referred to and, in some manner, caused the injuries and damages arising proximately from the subject incident described further herein. At the time of the incident giving rise to this Complaint, these unknown Doe and Roe Defendants owned, operated, controlled, leased, managed, maintained, and/or inspected the premises, and/or sold a product causing the unsafe conditions associated with the premises in question, which caused Plaintiff to get hit in the head with a bench, that was not placed or supported properly, and sustained injuries. Plaintiff will seek leave to amend this Complaint as the true identities of these Doe and Roe Defendants become known.

4. Defendants named herein as Doe Employees 11–20, later to be identified, negligently, recklessly, and/or intentionally failed to perform or supervise performance of the maintenance, inspection, and cleaning of the shelves in the isle, located at 10000 W. Sahara Avenue, Las Vegas, Nevada 89117.

5. All acts and occurrences giving rise to this action took place in Clark County, Nevada.

6. Nevada courts hold personal jurisdiction over the Defendants pursuant to their Nevada residency, citizenship, and purposeful contacts with the State of Nevada.

7. Venue in the Eighth Judicial District Court in and for the County of Clark, State of Nevada, is proper pursuant to NRS 13.040.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

8. Plaintiff incorporates by reference each and every allegation previously made in this Complaint as if fully set forth herein.

9. On January 6, 2020, Plaintiff was a patron and/or invited guest at Defendant Entity's property located at 10000 W. Sahara Avenue, Las Vegas, Nevada 89117 ("Premises").

10. Upon information and belief, the Premises is owned, designed, operated, maintained, managed and/or controlled by Defendant Entity and related unknown entities designated as Roe Corporations 21–30.

11. While walking through the Premises on January 6, 2020, Plaintiff was bending over to look at an object. Suddenly a bench fell from the third shelf in the isle and hit Plaintiff in the back of the head, causing her to sustain serious injuries. ("Subject Incident").

12. Defendants created a dangerous condition by failing to properly inspect and maintain the Premises for its patrons and the general public.

13. Patrons of the Premises are entitled to a reasonable expectation that Defendants would inspect and maintain the Premises in a reasonably safe condition to ensure their safety.

14. Defendants, despite their duty to inspect and maintain the Premises, failed to undertake reasonable efforts to ensure the Premises was safe prior to the Subject Incident.

15. Defendants, despite having notice of the dangerous condition at the Premises, failed to undertake reasonable efforts to correct this condition or warn patrons of a potential hazardous and unsafe condition.

16. In failing to inspect and maintain the Premises, Defendants knew, or should have known, that it was foreseeable that a person would to get hit in the head with a bench, that was not placed or supported properly, thereby sustaining injuries.

17. As a result of Defendants' failure to act reasonably in inspecting or maintaining the Premises, an unreasonable risk of harm was allowed to exist at the Premises, directly leading to the harms and losses sustained by Plaintiff.

18. Had Defendants acted reasonably in ameliorating the above-mentioned dangerous condition in a timely fashion upon inspection or receipt of the notice, the harms and losses sustained by Plaintiff would not have occurred.

19. As a result of the required medical care and treatment related to the Subject Incident, Plaintiff has necessarily incurred associated medical costs in excess of $15,000.00 and may yet incur future medical costs pertaining to future care and treatment.

20. Plaintiff's injuries, associated care, and recovery have caused, and may continue to cause Plaintiff to experience pain and suffering.

## FIRST CAUSE OF ACTION

**(Negligence and Negligence Per Se against Defendants)**

21. Plaintiff incorporates by reference each and every allegation previously made in this Complaint as if fully set forth herein.

22. Defendants knew, or should have known, failing to maintain the Premises in a reasonably safe condition would create a foreseeable risk of harm to patrons.

23. Defendants knew, or should have known, failing to inspect the Premises to ensure it was in a reasonably safe condition would create a foreseeable risk of harm to patrons.

24. Defendants had a duty to Plaintiff to ensure that the Premises was free from dangers and hazards.

25. Defendants had actual or constructive notice of the dangerous condition at the Premises where Subject Incident occurred.

26. Defendants failed to maintain the Premises in such a way as to avoid it posing a hazard.

27. In failing to properly maintain the Premises, Defendants breached their above-mentioned duty, thereby creating a dangerous condition at the Premises.

28. At all times mentioned herein, there were in effect statutes, ordinances, and regulations prohibiting the conduct exhibited by Defendants.

29. Plaintiff was a member of the class of persons for whose protection said statutes, ordinances, and regulations were enacted and promulgated.

30. Plaintiff sustained injuries of the type that said statutes, ordinances, and regulations were intended to prevent.

31. As a direct and proximate result of the Defendants' breach of their above-described duties to Plaintiff, Plaintiff incurred physical injuries, some of which may be permanent and disabling, and experienced significant pain and suffering.

32. As a direct and proximate result of these injuries, Plaintiff reasonably sought appropriate medical care and treatment and was required to incur the costs and expenses incidental thereto in an amount in excess of $15,000.00.

33. Plaintiff's injuries have caused and may yet continue to cause Plaintiff to experience significant suffering.

34. The physical injuries and damage to Plaintiff, which may be permanent and disabling in nature, have caused and may continue to cause Plaintiff significant pain and suffering.

35. As a result of the above-mentioned injuries, Plaintiff has been required, and may yet be required to seek medical care and treatment.

36. Plaintiff may yet require future medical care and treatment as a result of the injuries sustained in the above-described subject incident and will necessarily incur the costs and expenses associated therewith.

37. Plaintiff's harms and losses, to be fully set forth and proven at trial, were proximately caused by Defendants' negligence.

COGBURN LAW
2580 St. Rose Parkway, Suite 330, Henderson, Nevada 89074
Telephone: (702) 748-7777 | Facsimile: (702) 966-3880

38. As a direct and proximate result of Defendants' negligence as described herein, Plaintiff has been required to retain the services of an attorney, and therefore, is entitled to recover reasonable attorney fees, costs of suit, and pre- and post-judgment interest, as applicable.

## SECOND CAUSE OF ACTION

**(Negligent Hiring, Training, Retention, and Supervision against Defendants)**

39. Plaintiff incorporates by reference each and every allegation previously made in this Complaint as if fully set forth herein.

40. Defendants owed a duty of care to Plaintiff to use reasonable care in the hiring, training, and supervising of individuals hired to perform the maintenance, inspection, cleaning and/or repair of the shelves in the isle at the Premises.

41. Defendants knew, or should have known, Doe Employees 11–20 were unfit to safely perform the maintenance, inspection, cleaning and/or repair of the shelves in the isle at the Premises.

42. Defendants breached their duty to Plaintiff by failing to reasonably hire, train, and supervise Doe Employees 11–20 regarding the maintenance, inspection, cleaning and/or repair of the shelves in the isle at the Premises prior to Plaintiff being injured.

43. As a proximate result of Defendants' breach of their duties, Doe Employees 11–20 caused the Subject Incident described herein, causing Plaintiff's injuries.

44. As a proximate result of the Subject Incident, Plaintiff was injured, causing Plaintff pain and suffering of both body and mind.

45. Plaintiff reasonably sought medical care and treatment to relieve the pain and injury Plaintiff sustained in the Subject Incident, incurring medical costs and charges incidental to such treatment.

46. As a direct and proximate result of Defendants' breach of their duties, Plaintiff has been required to retain the services of an attorney, and therefore, is entitled to recover reasonable attorney fees, costs of suit, and pre- and post-judgment interest, as applicable.

### THIRD CAUSE OF ACTION

**(Respondeat Superior against Defendant Entity and Roe Corporations 21–30)**

47. Plaintiff incorporates by reference each and every allegation previously made in this Complaint as if fully set forth herein.

48. Doe Employees 11–20 were employees of Defendant Entity and/or Roe Corporations 21–30, and at the times of the subject incident described herein, were acting within the course and scope of their employment.

49. Doe Employees 11–20's liability to Plaintiff for injuries sustained in the Subject Incident described herein as fully and wholly imputed to Defendant Entity and/or Roe Corporations 21–30 employing Doe Employees 11–20, pursuant to the doctrine of respondeat superior.

50. As a direct and proximate result, Plaintiff has incurred expenses for medical care and treatment in an amount to be proven at trial.

51. As a direct and proximate result, Plaintiff has been required to retain the services of an attorney, and therefore, is entitled to recover reasonable attorney fees, costs of suit, and pre- and post-judgment interest, as applicable.

. . .

. . .

. . .

. . .

. . .

. . .

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for the judgment of this Court as follows:

1. General damages for past and future harms and losses in an amount in excess of $15,000.00;

2. Special damages for past and future harms and losses in an amount in excess of $15,000.00;

3. Costs of suit, pre-judgment interest, post-judgment interest, attorney fees; and

4. Such other and further relief as is just and proper.

Dated this 27th day of December 2021.

COGBURN LAW

By: /s/Hunter S. Davidson
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
Hunter S. Davidson, Esq.
Nevada Bar No. 14860
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
*Attorneys for Plaintiff*